IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

J.T. BLAKNEY                                                                                          PLAINTIFF

VERSUS                                                  CIVIL ACTION NO. 1:15cv152-LG-RHW

MS REGIONAL 8, *et al.*                                                                         DEFENDANTS

REPORT AND RECOMMENDATION

This *pro se* case is before the Court for *sua sponte* consideration of dismissal of certain defendants and quashing certain summonses which Plaintiff presented, and the Clerk issued on July 8, 2015. In accordance with the Court's order [7], the Clerk presented the summonses to the undersigned for review prior to forwarding them to the U.S. Marshal Service to be served on Defendants. On August 3, 2015, Plaintiff filed [11] a notice of voluntary dismissal of three defendants: Federal Government, Dept of Health and Gulf Coast Mental Health Center on Broad Avenue, and the Clerk has terminated those parties. The undersigned therefore recommends that the summonses issued for those parties [9, pp. 3, 5, 7] be quashed.

Under 28 U.S.C. § 1915(a), the Court may allow a plaintiff to proceed without the prepayment of fees, but the court must "dismiss [an IFP] case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see Denton v. Hernandez*, 504 U.S. 25, 32 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994). "A claim may be dismissed for

failure to state a claim upon which relief can be granted if, assuming all well-pleaded facts are true, the plaintiff has not stated enough facts to state a claim to relief that is plausible on its face." *Jones v. McDuffie*, 539 F.App'x 435 (5th Cir. 2013)(citation and internal quotation marks omitted). By order [7] entered July 1, 2015, the undersigned granted Plaintiff's motion to proceed IFP. This makes his complaint subject to *sua sponte* review under § 1915.

The undersigned having reviewed the pleadings, finds Plaintiff has named additional improper parties who should be dismissed from this action, and for whom the summonses issued should also be quashed: Harrison County Courthouse [9, p. 2]; Gulfport Police Department [9, p. 4]; Harrison County Jail Sheriff's Office [9, p. 6] and the Harrison County Detention Center [9, p. 9]. The first is simply a building, and, as the Court advised Plaintiff in order [7], the other three are not entities amenable to suit. *Knight v. Lee*, 2006 WL 3406741, at *3 (E.D. La., Nov. 20, 2006) (a police department is not a legal entity capable of being sued); *Brown v. Thompson*, 927 So. 2d 733 (Miss. 2006) (sheriff's department is not a legal entity capable of being sued under 42 U.S.C. § 1983); and *Miley v. Jones County Jail*, 2007 WL 2159334, at *8 (S.D. Miss. July 25, 2007) ("a jail is not a legal entity capable of being sued and is not a proper defendant in a Section 1983 lawsuit, as it is not a 'person' within the meaning of that statute"). The undersigned is therefore of the opinion that as to these parties, Plaintiff has stated no claim upon which relief may be granted.

### **RECOMMENDATION**

Based upon the foregoing, the undersigned recommends that the summonses issued for Federal Government, Dept of Health and Gulf Coast Mental Health Center on Broad Avenue [9, pp. 3, 5, 7] be quashed, as Plaintiff has voluntarily dismissed those parties. The undersigned further recommends that Harrison County Courthouse, Gulfport Police Department, Harrison

County Jail Sheriff's Office and the Harrison County Detention Center be dismissed, and that the summonses issued for them [9, pp. 2, 4, 6, 9] be quashed. The undersigned further recommends that the Clerk be directed to deliver the summonses issued for the remaining defendants (Mississippi Regional Housing Authority and Mississippi Center for Legal Services Corp.),[1] along with copies of the amended complaint to the United States Marshal Service for service in accordance with FED.R.CIV.P. 4(c)(3).

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3), *L.U.Civ.R.,* a party has 14 days after being served a copy of this Report and Recommendation to serve and file written objections to it. Objections must be filed with the clerk of court, served upon the other parties and submitted to the assigned District Judge. Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to timely file written objections shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he/she did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 4th day of August, 2015.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE

---

[1]The Court this day terminated the City of Gulfport as a party in this lawsuit in accordance with [5] Plaintiff's amended complaint which does not name the City as a defendant.