IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

J.T. BLAKNEY                                                                                  PLAINTIFF

v.                                                              CAUSE NO. 1:15CV152-LG-RHW

MS REGIONAL 8, ET AL.                                                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTIONS TO DISMISS

**BEFORE THE COURT** are the Motions to Dismiss filed by the two remaining defendants in this case, Mississippi Regional Housing Authority VIII, and Mississippi Center for Legal Services, Corp. The Defendants seek dismissal pursuant to Fed. R. Civ. P. Rule 12(b)(1) for lack of jurisdiction, and 12(b)(6) for failure to state a claim. Both motions have been fully briefed. After due consideration of the parties' submissions and the relevant law, it is the Court's opinion that it lacks jurisdiction in this case. It will therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### DISCUSSION

Plaintiff Blakney is proceeding in this case *pro se* and *in forma pauperis*. He was ordered to file an amended complaint because it was impossible to discern any plausible claim. (*See* Order May 13, 2015, ECF No. 3). Blakney's Amended Complaint is longer, but it also lacks clarity and is no easier decipher than the original complaint. Blakney begins with the actions of Defendant Mississippi Regional Housing Authority VIII, whose officials may have had him "evicted for burglary of dwelling" in July 2005. (Am. Compl. 2, ECF No. 5). He continues with

a litany of complaints and statements concerning his neighbors, his living situation, and the Housing Authority's attempts to terminate his "assistance." He alleges that he asked for and received a hearing at a location in Long Beach, Mississippi in April or May 2015.[1] Blakney also makes statements concerning the attorneys at the Mississippi Center for Legal Services between 2010 and 2015. According to Blakney, the attorneys may not have wanted to file a lawsuit against the Housing Authority on Blakney's behalf.

The Mississippi Regional Housing Authority VIII is a public corporation created by Mississippi statute. Miss. Code Ann. § 43-33-1. The Mississippi Center for Legal Services is a Mississippi non-profit corporation based in Hattiesburg, Mississippi. Blakney is a resident of Gulfport, Mississippi. As all parties are Mississippi residents, diversity jurisdiction does not exist in this case. 28 U.S.C. § 1332. Therefore, in order to maintain this case in federal court, Blakney's allegations must state a federal question. *See* 28 U.S.C. § 1331.

The Court's best efforts to decode Blakney's Amended Complaint, with due regard for his *pro se* status, lead it to conclude that Blakney has not stated a plausible federal claim against either defendant. In reviewing the actions alleged to have been taken by the Housing Authority, the Court cannot extract a single alleged violation of a federal statute or the Constitution. Similarly, the complaints about the actions of the Mississippi Center for Legal Services state, at most, state

---

[1] The Court does not find where Blakney states the outcome of the hearing, but his address on record indicates he is still living in public housing.

law tort claims.

As there is no federal question presented by Blakney's allegations, and the parties are not diverse, the Court lacks jurisdiction to review the sufficiency of the allegations or the merits of the claims. A case is properly dismissed for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the case. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss [22] filed by the Mississippi Center for Legal Services, Corp., and the Motion to Dismiss [24] filed by the Mississippi Regional Housing Authority VIII, are **GRANTED**. This case is **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(1).

**SO ORDERED AND ADJUDGED** this the 23rd day of October, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE